GEORGE A. CARDEN and Others, Individually and as Copartners Doing Business under the Firm Name and Style of CARDEN, GREEN & Co., Respondents, *v.* JAMES M. KERR, Individually and as Surviving Partner of the Firm of E. A. MANICE & COMPANY, and Another, Appellants.

First Department, June 8, 1928.

*Ellery O. Anderson* of counsel [*Pendleton, Anderson, Iselin & Riggs*, attorneys], for the appellants.

*Charles L. Woody* of counsel [*John Godfrey Saxe* with him on the brief; *Merrill, Rogers, Gifford & Woody*, attorneys], for the respondents.

PER CURIAM. Plaintiffs sued to recover as for money had and received as the result of alleged duress exercised upon plaintiffs by defendants. Both the plaintiffs and the defendants were members of the New York Stock Exchange. Plaintiffs allege that they were coerced into paying to the defendants moneys claimed by defendants on the purchase of stocks by the plaintiffs by means of duress and threats that the defendants had obtained a ruling by the New York Stock Exchange that the plaintiffs should take and pay for said stock, and that, unless the plaintiffs complied with defendants' demands within a certain time, the stock in question would be sold and a complaint filed against the plaintiffs and the matter laid before the Stock Exchange. The evidence fails to disclose the exercise of any actionable duress by defendants. On the contrary, the evidence clearly discloses that the payment of the moneys in question was voluntarily made by plaintiffs and that the members of plaintiffs' firm fully understood that the defendants had not and could not have obtained from the New York Stock Exchange any ruling compelling the plaintiffs to make the payment aforesaid. The evidence fails to show that, at the time of making the payment of the moneys in question, the plaintiffs entertained any reasonable belief of the immediate necessity of making such payment or that the same must be made to avoid consequences for which no other means of relief were available. (*Kamenitsky* v. *Corcoran*, 177 App. Div. 605; *Radich* v. *Hutchins*, 95 U. S. 210.) The payment of the moneys in question by the plaintiffs was made under protest, the plaintiffs reserving the right to arbitrate the transaction before a committee of the New York Stock Exchange. At the time payment was made there was no claim by plaintiffs that their action resulted from any duress on the part of the defendants. In our opinion the plaintiffs, in failing to arbitrate the transaction before the duly constituted committees of the New York Stock Exchange, must be deemed to have ratified and confirmed the purchase and sale of the stock in question and to have waived the right to have the same declared void.

The judgment and order appealed from should be reversed, with costs, and plaintiffs' complaint dismissed, with costs.

Present — DOWLING, P. J., MERRELL, FINCH, McAVOY and PROSKAUER, JJ.

Judgment and order reversed, with costs, and complaint dismissed, with costs.